ELIZABETH WALLWORTH *et al. vs.* UNITED ELECTRIC RAILWAYS CO.

JUNE 18, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J.   This is an action of the case for negligence in which a jury in the Superior Court returned a verdict for the plaintiffs.   The case is before this court on plaintiffs' exceptions.

Several exceptions urged are to the admission or rejection of testimony and to the refusal of the trial justice to charge as requested. Plaintiffs cannot be heard on these exceptions. The jury returned a verdict for the plaintiffs regardless of the alleged errors of the trial justice and therefore the plaintiffs cannot be said to be aggrieved by any of the alleged erroneous rulings. *Haynes* v. *Greene*, 46 R. I. 32.

Plaintiffs urge their exception to the decision of the trial justice granting defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence.

This action is brought by the widow and daughters of Charles Wallworth to recover damages for his death which is alleged to have been caused by the negligent operation of one of defendant's trolley cars. It appears in the record that the accident occurred on Broad street near Claverick, in the city of Providence, December 18, 1929, about 5:30 o'clock, p. m. It was dark and raining at the time. Mr. Wallworth was crossing Broad street in an easterly direction. He had crossed the outbound trolley car tracks and was crossing the inbound car tracks when he was struck by an inbound car and thrown between the easterly rail and the curbing. Mr. Wallworth was nearly 76 years old at this time and died 3 days afterwards as a result of the injuries he received.

The only testimony produced by the plaintiffs as to the circumstances attending the accident was that of a passenger on the trolley car. She testified that as the car proceeded towards the city she saw the deceased on the inbound track when the trolley car was about 50 feet from him; that the speed of the car was 10 to 15 miles an hour and that the right-hand front part of the car struck the deceased; that the motorman did not sound any warning or reduce the speed of the car nor did he apply the brakes until after the car struck Mr. Wallworth; that when the motorman applied his brakes he said: "I thought I hit something" and that

upon opening the door of the car and looking out, he said: "I hit a man."

The defense was that Mr. Wallworth stepped in front of the approaching car when it was only 3 or 4 feet from him, that the car was going slowly and that when the motorman stopped the car, Mr. Wallworth was lying in the street opposite the right front door of the car. These facts were testified to by the motorman and a passenger who stood in the front vestibule of the car. Three other passengers testified that the car was going very slowly at the time. Defendant introduced in evidence a statement signed by the witness for the plaintiffs which contained several statements of fact which were contradictory of her testimony. The jury did not believe her estimate was correct as to the distance Mr. Wallworth was from the car when he started to cross the track, for they found specially that he was not in the middle of the inbound track when the car was 50 feet away.

Upon a motion for a new trial made by a party aggrieved by the verdict, it is the duty of the justice who presided at the trial to consider the credibility of the witnesses and what, in his opinion, is the preponderance of the evidence and, if he believes the verdict to be unjust, he should set it aside and grant a new trial. *Reddington* v. *Getchell*, 40 R. I. 463; *Surmeian* v. *Simons*, 42 R. I. 334.

We have carefully read and considered the testimony and find no error in the decision of the trial justice granting defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence.

Plaintiffs' exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*John E. Mullen, John P. Hartigan*, for plaintiffs.
*Clifford Whipple, Earl A. Sweeney*, for defendant.